UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                  **Hon. Hugh B. Scott**

                                  08CR71A

                v.                              **Report &**
                                  **Recommendation**

Bruce Barnett,
                Defendant.

Before the Court is the defendant's omnibus motion seeking various relief, including the suppression of statements made by the defendant. (Docket No. 28).

**Background**

On March 19, 2008, defendant Bruce Barnett ("Barnett") was charged in an indictment with conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§841 and 846 (Count 1); and four counts of possession with the intent to distribute controlled substances in violation of 21 U.S.C. §841 (Counts 2-5). By way of the instant motion, Barnett seeks Rule 16 Discovery, identify of informants, disclosure under Rules 404(b), 608 and 609 of the Federal Rules of Criminal Procedure, disclosure of inculpatory and impeachment material, disclosure of witness statements, the preservation of notes, active participation in *voir dire*, the ability to *voir dire* experts outside the presence of the jury, production of government summaries,

an audibility hearing, disclosure of grand jury transcripts, exclusion of statements by non-testifying co-conspirators, and the suppression of evidence.[1]

A suppression hearing was held on March 19, 2009.

**Discussion**

The record reflects that the United States Drug Enforcement Agency ("DEA") conducted an investigation into Barnett's activity in drug trafficking. The investigation included controlled purchases of fentanyl patches, hydrocodone pills, oxycodone pills, ecstasy, crack cocaine and heroin from Barnett by various cooperating individuals. An arrest warrant was issued on October 30, 2007. (See Arrest Warrant, Government Exhibit 1). On November 7, 2007, William Kane ("Kane"), a DEA Investigator, executed the warrant along with several other law enforcement agents. Barnett was arrested at his residence at 2724 Main Street, in Buffalo, New York. At the suppression hearing, Kane testified that the agents arrived at Barnett's apartment at approximately 8:10 a.m., and knocked on the door. Kane advised Barnett, who answered the door, that they were there to arrest him. Barnett let the officers into the apartment and was handcuffed. According to Kane, he advised Barnett of his rights by reading them to Barnett from a form.[2] Barnett then signed the Advice of Rights/Waiver of Rights form indicating that he understood his rights but was willing to answer questions without a lawyer present. (See Waiver of Rights Form, Government Exhibit 2). Kane testified that the handcuffs were removed from

---

[1] The various discovery requests asserted in the omnibus motion are the subject of a separate Decision & Order.

[2] Kane read each of the rights from the form into the suppression hearing record as he had read them to Barnett.

Barnett to allow him to sign the waiver of rights form, and that they were left off until Barnett was transported from the apartment. Barnett also signed a consent to search form allowing for the search of his apartment, his house phone and his cell phone. (See Consent to Search Form, Government Exhibit 3). According to Kane, Barnett asked why he was being arrested. Kane stated that he advised Barnett he was being arrested for selling controlled substances. Kane testified that Barnett stated, "I don't sell controlled substances, I just help people get them." Barnett allegedly went on to provide Kane with information as to where he took people to buy drugs from various individuals on Reed Street. Barnett allegedly provided Kane with the street names, and other information regarding these individuals. (See Report of Investigation DEA-6, Government Exhibit 5). Upon searching Barnett's apartment, agents found oxycodone, tramadol, and other evidence of drug trafficking activity. Id.

In the instant motion, Barnett asserts that suppression of any statements he made should be suppressed because they were made prior to Barnett being advised of his rights. To the contrary, the credible evidence in the record reflects that the statements made by Barnett were uttered after he was read his rights and signed a waiver of rights form. The defendant suggests, in a conclusory manner, that any statements made by Barnett on the day of his arrest were not knowingly made because he was on prescription medication at the time he was questioned. The defendant has not demonstrated that he was under the influence of medication or that his mental capacity was impaired in any way at the time he made the statements. Kane testified that Barnett did not exhibit any signs that he was under the influence of medications or that his mental capacity was otherwise impaired. According to Kane, Barnett's eyes appeared normal, he did not slur his speech and did not appear agitated. Kane testified that Barnett did not state that he had

taken hydrocodone, oxycotin or any other drug at the time of the questioning. The credible evidence in the record reflects that Barnett was not under the undue influence of any medication or otherwise impaired at the time he was questioned on November 7, 2007.

## Conclusion

Based on the above, it is recommended that the motion to suppress statements be denied.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to

consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 16, 2009