**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                                                       **Hon. Hugh B. Scott**

                                                            **08CR71A**

                                          **v.**                            **Decision**
                                                             **&**
                                                            **Order**

**Bruce Barnett,**
                                    **Defendant.**

Before the Court is the defendant's omnibus motion seeking various relief (Docket No. 28).

## Discussion

On March 19, 2008, defendant Bruce Barnett ("Barnett") was charged in an indictment with conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§841 and 846 (Count 1); and four counts of possession with the intent to distribute controlled substances in violation of 21 U.S.C. §841 (Counts 2-5). By way of the instant motion, Barnett seeks Rule 16 Discovery, identify of informants, disclosure under Rules 404(b), 608 and 609 of the Federal Rules of Criminal Procedure, disclosure of inculpatory and impeachment material, disclosure of witness statements, the preservation of notes, active participation in *voir dire*, the ability to *voir dire* experts outside the presence of the jury, production of government summaries, an audibility hearing, disclosure of grand jury transcripts, exclusion of statements by non-

1

testifying co-conspirators, and the suppression of evidence.[1]

## Discovery

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter.  It appears that the government has provided the discovery items in its possession. The parties have not identified any outstanding discovery issues during oral argument. To the extent the government becomes aware of additional material that should have been produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, such information must be disclosed.

## Brady and Jencks Material

The defendant also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).  The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and the Jencks Act and

---

[1]   The motion for the suppression of evidence is discussed in a separate Report & Recommendation.

has represented that it is unaware of any exculpatory evidence in its possession.  The government

states that it will produce any impeachment information in accordance with the scheduling order

set be the District Court prior to trial in this case.  (Docket No. 30 at page 6).

Neither the Supreme Court, nor the Second Circuit[2], have ruled  directly on whether

there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady"

materials for purposes relating to the time within which such information must be disclosed.

Several other courts have discussed the issue at hand, which often arises in the context of a

potential, if not inherent conflict between the government's obligations to disclose under Brady,

and the governments right to delay disclosure of certain information pursuant to the Jencks Act.

Those cases suggest that the court has some discretion with respect to directing the timing of

such disclosure.   U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted

Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez,

870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due

process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein,

601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure

of Brady material, as long as disclosure is made before it is too late for the defendant to make use

of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983)

(impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790

(S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same

time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is

---

[2]    In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second
Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under
Brady be made before trial."

sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. V. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the

common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404, 608 and 609 Evidence**

The defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendants also request disclosure pursuant to Federal Rules of Evidence 608 and 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify.

See <u>United States  v. Livoti</u>, 8 F.Supp.2d 246 (S.D.N.Y. 1998);  <u>United States v. Song</u>, 1995 WL

736872, at *7 (S.D.N.Y. Dec.13, 1995).


## Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case.

The government is not required to furnish the identities of informants unless it is essential to the

defense.  <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d

1067, 1073 (2d Cir.) <u>cert. denied</u> 489 U.S. 1089 (1988).  Nor does Rule 16 require the

government to disclose the names of witnesses prior to trial.  <u>United States v. Bejasa</u>, 904 F.2d

137, 139 (2d. Cir.) <u>cert. denied</u> 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any

informants is essential to his defense. This request is denied.


## Disclosure of Grand Jury Proceedings

The defendant also seeks disclosure of the grand jury testimony and proceedings.  There

is a presumption that grand jury proceedings are lawful and regular, (<u>United States v. Torres</u>, 901

F.2d 205, 232 (2d Cir.) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 139 n. 23, 94 S.Ct.

2887, 2918 n. 23,  41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112

L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the

Court.  (See  Fed.R.Crim.P. 6(e)).  A party seeking disclosure of  grand jury proceedings bears

the burden of establishing a "particularized need"  or "compelling necessity" for such disclosure

which outweighs the policy of  grand jury secrecy.  <u>Douglas Oil Co. v. Petrol Stops Northwest</u>,

441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United

States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); In re Rosahn, 671 F.2d

690, 695 (2d Cir.1982). Unspecified allegations of impropriety or mere speculation are not

sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct.

613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely

permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at

233.

The defendant has not advanced any proof controverting the presumption of regularity in

the grand jury proceedings in this case. This request is denied.


**Audibility**

The defendant seeks an audibility hearing regarding tape recordings the government

intends to use at trial. The government asserts that it does not intend to use any tape recordings

at the trial in this matter. If the government were to determine that recordings are to be used at

trial, and if after having an opportunity to listen to any such recordings, defense counsel believes

an audibility hearing is warranted, counsel is directed to notify the court so that such a hearing

can be scheduled.


**Other Issues**

Issues such as the ability to *voir dire* jurors or expert witnesses, the exclusion of

statements made by non-testifying co-conspirators, the exclusion of testimonial hearsay, and the

production of pretrial summaries and charts are more appropriately resolved by the District Court

Judge presiding over the trial in this case.

**Preservation of Evidence**

The defendant has also requested preservation of rough notes and other evidence taken by

law enforcement agents involved. The government is directed to preserve all items of evidence.

**Conclusion**

For the reasons stated above, the omnibus motion is GRANTED IN PART AND

DENIED IN PART consistent with the above.

So Ordered.

_____

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 16, 2009